UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:16-CR-18-36-JSS

JHONATAN MANOSALVAS-LINO
_____/

### SENTENCING MEMORANDUM IN SUPPORT OF OBJECTIONS TO GUIDELINES CALCULATION CONTAINED IN PRESENTENCE INVESTIGATION REPORT

The Defendant, Jhonatan Luis Manosalvas-Lino, by and through undersigned counsel hereby files this sentencing memorandum in support of his previously-lodged minor role objection pursuant to U.S.S.G. §3B1.2(b)

As grounds in support thereof, Mr. Manosalvas shows as follows:

### Sentencing Guideline Calculation

Because Mr. Manosalvas was involved in a cocaine trafficking conspiracy which involved more than 150 kilograms but less than 450 kilograms, his base offense level, pursuant to U.S.S.G. §2D1.1, is calculated in the Presentence Report to be a level 36. PSR ¶21.  As a result of his qualification for the "safety value" provision, Mr. Manosalvas' base offense

1

level is reduced by 2 levels, resulting in an adjusted offense level of 34. PSR ¶¶ 22, 26. With a 3-level reduction for "acceptance of responsibility," it is suggested that the total offense level is 31. PSR ¶30.

Mr. Manosalvas has no prior arrests, convictions, or contacts with law enforcement and, as such, is a criminal history category I offender. PSR ¶¶ 31-36. With a total offense level of 31 and a criminal history category I is suggested that Mr. Manosalvas' advisory guideline imprisonment range is 108 - 135 months. PSR ¶ 63.

In the Presentence Investigation Report, Mr. Manosalvas is not given any reduction for his role in the offense. PSR ¶ 24. He objects to not receiving, pursuant to U.S.S.G. §3B1.2(b), a 2-level minor role reduction and pursuant to U.S.S.G. §2D1.1(a)(5) a 3-level reduction in his base offense level. *See* PSR Addendum.

## **Minor Role Guideline Objection**

U.S.S.G. §3B1.2 provides for either a 4-level minimal role, 2-level minor role, or a 3-level intermediate role reduction. Specifically, §3B1.2(b) provides for a 2-level reduction if "the defendant was a minor participant in any criminal activity." The determination whether a defendant should receive a role reduction is a fact-based determination and is "heavily dependent on the facts of the particular case." *See* U.S.S.G. §3B1.2 App. N. 3(C). The

2

Application notes provide guidance on distinguishing between a "minimal" and a "minor" participant. Specifically the application notes provide that a minimal participant is:

> [A person] who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge and understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant. It is intended that this downward adjustment for minimal participant will be used infrequently.

U.S.S.G. § 3B1.2, App. N. 4.

In contrast to a minimal participant, the Application Notes provide that a minor participant "applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." Additionally, in contrast to the Commission's observation that a "minimal participant" reduction should be used infrequently by a sentencing court, there is no such prohibitive language within the description of a "minor" participant. In fact, the Sentencing Commission has recently expressed its opinion that sentencing courts are not granting mitigating role reductions for low-level offenders as much as the Commission had intended. *See* United States Sentencing Commission Amendments to the Sentencing Guidelines, Mitigating Role Amendment (April 30, 2015).

3

In the present case, Mr. Manosalvas does not qualify for a minimal role reduction, but he does qualify for a minor role reduction because he is "less culpable" than most other participants in the conspiracy to which he has pleaded guilty. He is less culpable than the sellers of the cocaine, the manufacturers of the cocaine, the individuals organizing the transportation of the cocaine, the buyers of the cocaine, the captain of the vessel in which he was traveling and the drug dealers who will ultimately distribute the cocaine. He is equally culpable with his one charged coconspirator and crewmember of the vessel.

In drug cases such as the present case, a role reduction is directly tied to the base offense level determination under U.S.S.G. §2D1.1. Specifically, §2D1.1(a)(5) provides that "if the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level . . . is (i) 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels." Additionally, the Application Notes to §3B1.2 provide that in drug cases where a defendant's base offense level is determined pursuant to §2D1.1(a)(5), the Court shall additionally reduce that base offense level based on the defendant's mitigating role, whether that be a 4-level minimal participant, a 2-level minor participant, or a 3-level intermediate participant reduction. *See* U.S.S.G. §3B1.2 App. N. 6.

The Sentencing Commission, out of concern that sentencing courts around the country have been under applying or misapplying the mitigating role reduction, has attempted to provide sentencing courts added guidance on when it is appropriate to apply the §3B1.2 mitigating role and corresponding §2D1.1(a)(5) base offense level reductions. Specifically, on November 1, 2002, Congress and the Sentencing Commission drastically amended U.S.S.G. §2D1.1 to reduce the sentences for low-level drug conspiracy participants by providing that the offense level specified in the Drug Quantity Table should be applied "except that if the defendant receives an adjustment under §3B1.2 (Mitigating Role), the base offense level under [2D1.1] shall not be more than level 30." U.S.S.G. §2D1.1(a)(3), U.S.S.G. Appx. C, Amend. 640. As such, if a drug offender qualifies for either a minimal, minor, or intermediate role reduction, then the highest possible base offense level that the defendant may receive is a level 30. The legislative history of this amendment provides that:

> This amendment responds to concerns that the guidelines pertaining to drug offenses do not satisfactorily reflect the culpability of certain offenders . . .
>
> [ ] The amendment modifies §2D1.1(a)(3) to provide a maximum base offense level of level 30 if the defendant receives an adjustment under § 3B1.2 (Mitigating Role). *The maximum base offense level somewhat limits the sentencing impact of drug quantity for offenders who perform relatively low level trafficking functions, have little authority in the drug trafficking organization, and*

5

> *have a lower degree of individual culpability (e.g., "mules" or "couriers") whose most serious trafficking function is transporting drugs and who qualify for a mitigating role adjustment).*
>
> This part of the amendment responds to concerns that base offense levels derived from the Drug Quantity Table in §2D1.1 overstates the culpability of certain drug offenders who meet the criteria for a mitigating role adjustment under §3B1.2. The Commission determined that, ordinarily, a maximum base offense level of 30 adequately reflects the culpability of a defendant who qualifies for a mitigating role adjustment.

U.S.S.G. Appx. C., Amend 640 (*emphasis added*).

After conducting a recent, in-depth national study and taking public comment, the Sentencing Commission has found that sentencing courts were still not applying the mitigating role reduction as often as was intended by the Commission, despite this 2002 amendment. Specifically, the Sentencing Commission noted:

> The Commission conducted a review of cases involving low-level offenders, analyzed case law, and considered public comment and testimony. Overall the study found that mitigating role is applied inconsistently and more sparingly than the Commission intended. In drug cases, the Commission's study confirmed that mitigating role is applied inconsistently to drug defendants who perform similar low-level functions (and the rate of application vary widely from district to district). For example, application of mitigating role varies along the southwest boarder, with a low of 14.3 percent of couriers and mules receiving the mitigating role adjustment in one district compared to a high of 97.2 percent in another. Moreover,

6

> among drug defendants who do receive mitigating role, there are differences from district to district in application rates of 2-, 3-, and 4-level adjustments.

*See* United States Sentencing Commission Amendments to the Sentencing Guidelines, Mitigating Role Amendment (April 30, 2015), Reasons for Amendment, p. 45.

Based on this study's findings, the Commission's clarifying amendment to §3B1.2 was created in hopes of fostering a greater application of the mitigating role reduction for defendants who preform relatively low-level functions, such as "mules" and "couriers," for large drug trafficking organizations. *Id.* It is the intent of the Commission by way of the Amendment to address the Commission's observation "that courts' often [incorrectly in the eyes of the Commission] deny mitigating role to otherwise eligible defendants if the defendant was considered 'integral' to the successful commission of the offense." *Id.* Of significant note, the Eleventh Circuit opinion in *United States v. Rodriguez DeVaron*, 175 F.3d 930 (11th Cir. 1999), which has been used exclusively in this District to deny minor role reductions for transporters of large quantities of cocaine while on a vessel subject to the jurisdiction of the United States, relied heavily on the principle that a defendant who plays an essential or integral role in the offense conduct for which he or she are convicted are not eligible for a mitigating role reduction. *See* 174 F.3d at 943

("Therefore, when a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs" justifying a denial of a mitigating role reduction). It is this judicial reasoning that the sentencing commissions amendment is specifically designed to correct. *Id.* ("Next, the amendment addresses cases in which the defendant was 'integral' or 'indispensable' to the commission of the offense. Public comment suggested, and a review of case law confirmed, that in some cases a defendant may be denied a mitigating role adjustment solely because he or she was 'integral' or 'indispensable' to the commission of the offense. [citations omitted] [T]he Amendment revises the commentary to emphasize that 'the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative' and that such a defendant may receive a mitigating role adjustment, if he or she is otherwise eligible). This clarifying amendment to the Mitigating Role provisions took effect November 1, 2015.

In response to the "inconsistent" and "sparse" application of the mitigating role adjustment, the amendment to the guidelines is designed specifically to "provide additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." *Id.* Specifically, the amendment "addresses a circuit split and other case law that may be

8

discouraging courts from applying the adjustment in otherwise appropriate circumstances." *Id.* Although not referenced in the Amendment, a reading of the *Rodriguez DeVaron* case would appear to be one of the cases the Commission has found that has been discouraging courts from applying the mitigating role adjustment in otherwise appropriate cases. The Amendment specifically references *United States v. Skinner*, 690 F.3d 772, 783-84 (6th Cir. 2012); *United States v. Panaigua-Verdugo*, 537 F.3d 722, 725 (7th Cir. 2008), *United States v. Deans*, 590 F.3d 907, 910 (8th Cir. 2010); and *United States v. Carter*, 971 F.2d 597, 600 (10th Cir. 1992) all of which rely upon the same flawed reasoning relied upon in *Rodriguez DeVaron* that if a defendant plays an critical, integral, or indispensable role in the criminal activity they are ineligible for a mitigating role reduction.

To assist courts and to encourage them to apply the adjustment more frequently, the Commission has provided sentencing courts with "a nonexhaustive list of factors for the court to consider in determining whether an adjustment applies and, if so the amount of the adjustment." *Id.* Specifically, the Commission's clarifying factors direct a sentencing court to consider:

    (i)    The degree to which the defendant understood the scope and structure of the criminal activity;

    (ii)    The degree to which the defendant participated in planning or organizing the criminal activity;

    (iii)    The degree to which the defendant exercised decisionmaking authority or influenced the exercise of decisionmaking authority;

    (iv)    The nature and the extent of the defendant's participation in the commission of the criminal activity, including acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

    (v)    The degree to which the defendant stood to benefit from the criminal activity.

*Id.* at p. 48.

Additionally and of great significance to the present case, the amendment further provides that:

> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

*Id.*

Of further significance to the present case, the Commission did not list as a factor in determining the applicability of a mitigating role reduction the

amount of drugs involved in the criminal activity. In contrast, in *Rodriguez DeVaron,* the Eleventh Circuit relied heavily on the amount of drugs found in a courier's possession to be of great importance. As noted by the Court in *Rodriguez- DeVaron*, "because the amount of drugs in a courier's possession - whether very large or very small, may be the best indicator of the magnitude of the courier's participation in the criminal enterprise, we do not foreclose the possibility that the amount of the drugs may be dispositive in and of itself in the extreme case." *Id*. at 943. In 1999, the Eleventh Circuit found support for the quantity of drugs factor by pointing to an Application Note within the guidelines. *Id*. Specifically, the *Rodriguez DeVaron* court noted, "indeed, the Guidelines explicitly recognize that the amount of the drugs may be determinative in the context of the minimal participants.' *Id*. However, subsequent to the issuance of the *Rodriguez DeVaron* opinion, the application note with its illustrative example which was relied upon by the Eleventh Circuit was deleted from the guidelines on November 1, 2001. *See* Nov. 1, 2001 version of the Guidelines, §2B1.2, App. notes generally. The removal of the illustrative example regarding the weight of the drugs clearly evidences the Commission's intent that the amount of the drugs involved should not be a determinative factor. In fact, in the soon-to-be-enacted amendment to the Guidelines, while listing several relevant factors for a sentencing court's

11

consideration, the Commission elected not to include the amount of the drugs and certainly did not express the opinion that the amount of drugs involved could be determinative. *Id.*

In contrast to the now-apparently-outdated *Rodriguez DeVaron* opinion, the Commissions' clarifying amendment makes it abundantly clear that Mr. Manosalvas should receive a 2-level minor role reduction and, by consequence, a reduction in his base offense level pursuant to §2D1.1(a)(5). Factually, Mr. Manosalvas and his indicted co-defendant were hired by a Colombian drug trafficking organization to act as couriers for the single task of transporting cocaine from Ecuador to Central America while on-board a small open boat powered by two 75 horsepower outboard motors. Both were to receive financial compensation for transporting the drugs and neither of them had any ownership or proprietary interest in the drugs. To put it simply, they were being paid to perform the limited tasks of transportation of the drugs from one country to another by way of the open sea. Mr. Manosalvas' role in the drug trafficking organization was not that of the seller, buyer, manufacturer, organizer of the transportation operation, or even the end distributor of the cocaine; he was simply being paid along with one other crewmember to perform the task of transporting a vessel containing cocaine from the sellers to the buyers of the cocaine. He is, in fact, the exact type of

low-level participant who should be receiving a mitigating role reduction (*i.e.*, drug courier) that the Sentencing Commission has identified in the 2002 amendment to U.S.S.G. §2D1.1 as well as in the 2015 amendment to U.S.S.G. §3B1.2. It is clear from the legislative history of these two amendments that low-level transporters of drugs who are working for a larger drug trafficking organizations are the specific type of offenders the Commission has always intended should receive a minor role reduction and corresponding §2D1.1(a)(5) adjustment in their base offense level.

Additionally, the fact that the large drug trafficking organization is involved in distribution of cocaine amounts larger than the amount of cocaine Mr. Manosalvas and his co-defendant were apprehended with does not in any way preclude either of them from being eligible for a mitigating role reduction. As noted in the Commission's clarifying amendment at Application Note 3 to U.S.S.G. §3B1.2:

> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under the guidelines. For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stores may receive an adjustment under the guidelines."

Additionally, in analyzing the clarifying, non-exhaustive list of factors in the proposed amendment, it is clear that each and every factor would support Mr. Manosalvas receiving a mitigating role reduction.  As a simple courier or transporter of drugs, Mr. Manosalvas:

(i) Had little to no degree of understanding of the scope and structure of the criminal activity and was simply instructed to transport the cocaine from point A to point B;

(ii) He had no role in planning or organizing the criminal activity, including no role in even organizing or planning the transportation operation;

(iii) He had no decision-making authority nor did he have any influence regarding the exercise of decision-making authority.  He was simply to ride in the vessel and assist in the loading and offloading of the cocaine;

(iv) The nature and extent of his activity and participation was limited to assist in transporting packages of cocaine from Ecuador to Central America and he had little to no responsibility or discretion in preforming these limited transportation functions;

(v) The only benefit Mr. Manosalvas was to receive for his transportation function of a single load of cocaine was a flat fee which was especially minimal in light of the street value of the drugs he was transporting; and

(vi) He had no proprietary interest in the criminal activity and was simply being paid to perform certain tasks (*i.e.*, transportation of drugs).

Again and in contrast to the *Rodriguez DeVaron* opinion which has been relied upon by United States Probation and the Government in their effort to

deny persons such as Mr. Manosalvas a mitigation role reduction, as noted by the Sentencing Commission, the fact that Mr. Manosalvas may have been "integral" or "indispensable" to the larger drug trafficking organization by facilitating the transportation of the drugs from Ecuador to Central America does not preclude him from receiving a minor role reduction. While this fact alone would be grounds to preclude Mr. Manosalvas under *Rodriguez-DeVaron*, the purpose of the Commission's mitigating role amendment is specifically designed to cause sentencing courts to grant role reductions despite case law such as *Rodriguez DeVaron* which has been discouraging courts, including courts within this district, from granting such departures for otherwise qualified individuals. As such, Mr. Manosalvas should receive a 2-level minor role reduction and a corresponding 3-level U.S.S.G. 2D1.1(a)(5) adjustment in his base offense level.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record this 18th day of July, 2016.

*/s/ Mark Ciaravella*
Mark Ciaravella
Florida Bar Number 46108
1110 North Florida Avenue
Tampa, Florida 33602
Telephone 813-221-1640
Email: mwc@ciaravella.com
*Counsel for Manosalvas*
